OPINION
{¶ 1} Defendant, Daniel C. Thomas was convicted of resisting arrest. Thomas appeals, arguing that his conviction was against the manifest weight of the evidence and not supported by sufficient evidence.
 {¶ 2} On January 11, 2003, at approximately 10:00 p.m., Dayton Police Officer Jon Zimmerman observed a silver Ford pickup truck that was stopped or moving at a very slow rate of speed southbound on North Keowee Street. Zimmerman saw another vehicle that was traveling southbound on North Keowee Street slam on its brakes to avoid hitting the silver pickup truck. Zimmerman turned on his cruiser's overhead lights and stopped the pickup.
 {¶ 3} Zimmerman approached the pickup and told the driver that he had been stopped for impeding the flow of traffic. He observed that the passenger in the truck, Defendant Thomas, was not wearing his seatbelt. Zimmerman requested identification from both the driver and the passenger. After receiving licenses from both, Zimmerman returned to his cruiser to determine whether warrants for either were outstanding.
 {¶ 4} Zimmerman was joined by Officer Scott Florea, who agreed to assist Zimmerman by running a computer check on the passenger's license and by preparing a seatbelt violation citation. While the officers were running the names through the system and preparing the citations, Florea observed Defendant Thomas, who was seated in the vehicle, look over both shoulders, turn his body down quickly, and then turn around again to look at the officers. From the information that came up on his computer Florea learned that Thomas had a history of resisting arrest. Florea testified that he was nervous and unsure of what Thomas might do. He pointed out Thomas' suspicious activity to Zimmerman.
 {¶ 5} Zimmerman and Florea then approached the pickup to remove the occupants from the vehicle in order to perform a weapons pat-down for safety reasons. Zimmerman removed the driver from the vehicle while Florea and another officer who had arrived on the scene removed Defendant Thomas. The officers asked Thomas to exit the vehicle and to stand facing the vehicle with his hands on it so they could pat him down for weapons. Thomas complied.
 {¶ 6} During the pat-down Florea felt a bulge in Thomas's buttocks area which he believed was contraband When Florea found the bulge, Thomas said "man," and took his hands off the vehicle and began to turn around toward the officers. The two officers then took Thomas to the ground and ordered him to stop resisting.
 {¶ 7} The officers attempted to roll Thomas over on his stomach to place handcuffs on him. Thomas refused to cooperate, and made several attempts to evade the officer's grasp by crawling under the vehicle. Thomas was restrained only after he was pepper sprayed three times and struck on the legs with an officer's asp. Even then, it took the assistance of several other officers who had responded to the scene.
 {¶ 8} Thomas was charged with obstructing official business and resisting arrest. On February 12, 2003, Thomas was found guilty of resisting arrest. He was found not guilty of obstructing official business on the trial court's holding that the charges of obstructing official business and resisting arrest necessarily merge.
 {¶ 9} Thomas filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 10} "The trial court erred in finding defendant-appellant guilty of resisting arrest."
 {¶ 11} Thomas argues that the trial court's decision to convict him was against the manifest weight of the evidence and not supported legally by sufficient evidence.
 {¶ 12} A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive.State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 13} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 14} Thomas points to inconsistences in the testimony of the arresting officers concerning when in the course of their encounter with him officers placed Thomas under arrest. While these inconsistencies may affect the weight to be given the officer's testimony, they create no fatal flaw. Thomas presented no evidence during his trial on his own behalf. Given the sufficiency of the State's evidence discussed below, we cannot find the trial court lost its way in finding Thomas guilty of resisting arrest. Accordingly, the Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 15} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 17} R.C. 2921.33(A), Resisting Arrest, states: "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." Thomas doesn't contend that his own actions are insufficient to constitute force. Rather, he argues that when that occurred he was not in fact under arrest, or if he was then under arrest he was not under arrest lawfully.
 {¶ 18} A law enforcement officer is authorized to perform a warrantless arrest when he has probable cause to believe that a violation of law has occurred for which an arrest is authorized. Officers were not authorized to arrest Thomas on the seat belt violation they observed because it is a minor misdemeanor. R.C.2935.26. Neither did any of the exceptions for which that section permits an arrest apply. However, officers were allowed to detain Thomas for the purpose of issuing the seatbelt violation citation, and in the course of that detention to remove him from the automobile and conduct a weapons pat-down when they reasonably suspected that Thomas might be armed and a danger to officers and others around them. Terry v. Ohio (1968),392 U.S. 1. The reasons the officers gave were sufficient to that purpose.
 {¶ 19} Because the officers were authorized to detain Thomas and to perform a weapons pat-down, any conduct which Thomas undertook with a purpose to prevent, obstruct, or delay the officers that, in fact, hampered or impeded them in the performance of their duties constitutes an offense of Obstructing Official Business in violation of R.C. 2921.31. Further, if officers have probable cause to believe that the offense occurred, they are authorized to arrest the person who committed it.
 {¶ 20} It may be, and most likely was, Officer Florea's discovery of a package of drugs on his person rather than any subjective intent on his part to resist arrest that prompted Thomas to take his hands off the vehicle and turn to face the officers. Nevertheless, his act hampered their pat-down of his person, and it gave officers at least probable cause to believe that Thomas's purpose was to obstruct them from seizing the drugs they discovered on his person. At that point, therefore, they were authorized by law to arrest Thomas for a violation of R.C.2921.31 for obstructing official business. The further question is whether an arrest then occurred which Thomas resisted.
 {¶ 21} "An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." State v. Darrah (1980),64 Ohio St.2d 22, 26.
 {¶ 22} Whether officers intended to arrest Thomas when they took him to the ground after he turned to face them presents a question of fact. Thomas was not finally secured until the officers had handcuffed him. Nevertheless, in taking Thomas to the ground as they did, the officers commenced a course of conduct for which an arrest was the inevitable outcome. Therefore, there was sufficient evidence from which an intent to arrest might be found.
 {¶ 23} Officers acted pursuant to the authority conferred on them as police officers when they took Thomas to the ground. Further, their action constituted an actual seizure of Defendant's person. It is not necessary that officers state "you are under arrest," or to employ similar terms in order for such a seizure to occur. State v. Maurer (1984), 15 Ohio St.3d 239. Restraint imposed on a person's freedom of movement in contemplation of a formal charge is sufficient. State v.Darrah.
 {¶ 24} Finally, the evidence must be sufficient to find that Defendant, while he struggled with officers as he did, understood that he was under arrest, or at least in the process of being arrested. An arrest signifies a restraint on a person's freedom of movement in contemplation of filing a criminal charge. Statev. Darrah. The evidence must show that the subject of an arrest should reasonably have understood that such a seizure occurred.State v. Hatch, Montgomery App. No. 18986, 2002-Ohio-55. The conduct in which Defendant engaged is sufficient to support a finding that Defendant acted with the necessary understanding that he was being placed under arrest when he struggled with officers as he did.
 {¶ 25} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.