JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Clancy Wiley ("defendant"), appeals from the judgment of the Court of Common Pleas finding him guilty of possession of drugs with a firearm specification, in violation of R.C.2925.11 and resisting arrest, in violation of R.C. 2921.33. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On October 2, 2005, CMHA Officer James Neal ("Officer Neal") responded to the Cedar Estates high-rise apartment complex regarding a complaint that a resident was being harassed by another resident. Officer Neal met with the complainant, Regina Wright ("Ms. Wright"). Ms. Wright lived three doors away from the defendant and told Officer Neal that she was arguing with the defendant because he owed her $500. Officer Neal told Ms. Wright that he would speak with the defendant.
 {¶ 3} Officer Neal knocked on defendant's door. Officer Neal identified himself and defendant allowed him to enter the apartment. Officer Neal testified that he did not smell any marijuana or other illegal substance. Defendant became very agitated when Officer Neal told him that Ms. Wright said that defendant owed her $500. Defendant began to clench his fists and rant and rave, saying that Ms. Wright was lying and that he owed her only $50. Officer Neal advised defendant to calm down so that they could resolve the matter. Defendant walked into the kitchenette and began throwing things around the kitchen. *Page 3 
 {¶ 4} What occurred after this is disputed by the parties. Officer Neal claims that defendant threw salad greens at him and picked up a roasting pan and began swinging it. Defendant admitted that he began throwing things around but claimed that he did not throw anything directly at Officer Neal. Regardless, both parties agree that at this point, Officer Neal grabbed defendant by both arms and attempted to subdue him. Officer Neal testified that his intention was to place the defendant in handcuffs to secure him so that he could not hurt anyone, including himself. Officer Neal testified that he required the assistance of Officer Jose Alcantara to place the handcuffs on defendant because defendant was so agitated.
 {¶ 5} Once defendant was handcuffed, Officer Neal opened defendant's clenched fists, and defendant dropped a crack pipe and a bag of marijuana. Officer Neal testified that defendant was sweating profusely, his eyes were bulging, and he was drooling. Officer Neal testified that he suspected defendant was high on PCP, and that defendant admitted that he had been smoking PCP and crack cocaine all day. Officer Neal testified that defendant then gave him permission to search his apartment. Officer Neal found a gun during his search of the apartment.
 {¶ 6} On January 17, 2006, the Cuyahoga County Grand Jury indicted defendant for possession of drugs, in violation of R.C. 2925.11; possession of criminal tools, in violation of R.C. 2923.24; and resisting arrest, in violation of R.C. 2921.33. On June 1, 2006, a jury found defendant not guilty of possession of criminal tools, but guilty of possession of drugs and resisting arrest. *Page 4 
 {¶ 7} Defendant timely appeals and asserts the following two assignments of error:
 {¶ 8} "I. The verdict convicting the appellant of resisting arrest was based upon insufficient evidence."
 {¶ 9} In this assignment of error, defendant argues that the State failed to present sufficient evidence to support his conviction for resisting arrest. Specifically, defendant claims that he was not under lawful arrest at the time Officer Neal placed him in handcuffs. In support, defendant cites to Officer Neal's testimony in which the officer stated that he was only trying to detain the defendant and not to arrest him.
 {¶ 10} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of *Page 5 
fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 12} Here, defendant was charged with resisting arrest in violation of R.C. 2921.33, which provides in pertinent part that "no person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." An arrest occurs when the following four requisite elements are involved: (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. State v. Darrah (1980),64 Ohio St.2d 22, 26. A seizure is sufficient to give rise to an arrest when the four elements noted above are present. Id.
 {¶ 13} Here, Officer Neal initially testified that he informed the defendant that he was under arrest and tried to handcuff him after the defendant attempted to hit him with a roasting pan.[1] However, on cross-examination, Officer Neal testified that his intention was only to detain defendant for his own, and officer, safety.[2] Accordingly, whether Officer Neal intended to arrest defendant when he handcuffed him presents a question of fact. We find that, in forcibly placing defendant's hands behind his back, and securing him with handcuffs as Officer Neal and Officer Alcantara did, the officers commenced a course of conduct for which an arrest was *Page 6 
the inevitable outcome. Under the facts presented in this case, we find that the totality of the circumstances supports that the officers were intending to arrest defendant when they handcuffed him. Therefore, there was sufficient evidence from which an intent to arrest might be found. See State v. Barker (1978), 53 Ohio St.2d 135; State v. Culver, Trumbull App. No. 2003-T-0023, 2004-Ohio-333; State v. Thomas, Montgomery App. No. 19839, 2004-Ohio-673.
 {¶ 14} Next, the officers acted pursuant to the authority conferred on them as police officers when they handcuffed defendant. Moreover, their action constituted an actual seizure of defendant's person.
 {¶ 15} Finally, the evidence is sufficient that defendant, while he struggled with Officer Neal, understood that he was under arrest, or at least in the process of being arrested. The evidence must show that the subject of an arrest should reasonably have understood that such seizure occurred. State v. Darrah, supra. Here, the conduct in which defendant engaged is sufficient to support a finding that defendant acted with the necessary understanding that he was being placed under arrest when he struggled with the officers as he did.
 {¶ 16} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant was resisting arrest, and the trial court properly denied his motion for acquittal. *Page 7 
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} "II. The verdict convicting the appellant of possession of drugs with a firearm specification and resisting arrest was against the manifest weight of the evidence."
 {¶ 19} In his second assignment of error, defendant argues that his convictions for resisting arrest and possession of drugs with a firearm specification are against the manifest weight of the evidence. Specifically, defendant claims that the evidence was so incredulous that no reasonable jury could have found the defendant guilty beyond a reasonable doubt.
 {¶ 20} When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 21} Here, the evidence does not weigh heavily against defendant's convictions. Defendant was convicted of resisting arrest under R.C.2921.33, which *Page 8 
provides in pertinent part that "no person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 {¶ 22} As previously noted, an arrest occurs when the following four requisite elements are involved: (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. State v. Darrah (1980),64 Ohio St.2d 22, 26. A seizure is sufficient to give rise to an arrest when the four elements noted above are present. Id.
 {¶ 23} Here, defendant admitted to being very agitated and to throwing things around the apartment. Officer Neal testified that, after he was almost struck by a roasting pan, he decided to arrest defendant.[3]
Officer Jose Alcantara of the CMHA police department also testified that he helped handcuff defendant because the defendant was acting out of control and the officers were worried that the defendant was going to strike them with something. Although there was some conflicting testimony from both officers as to whether they were merely subduing or detaining defendant, in its role as fact finder, the jury determined that the officers were intending to arrest defendant and that he was resisting arrest.
 {¶ 24} On issues of witness credibility, a reviewing court will not substitute its judgment for that of the trier of fact unless it is patently apparent that the fact finder *Page 9 
lost its way. State v. McCallister, Montgomery App. No. 2163,2007-Ohio-576, Tf19. Based on our review of the trial transcript, we conclude that the jury reasonably could have elected to believe that the defendant was acting unruly and that the officers were attempting to arrest him at the time they handcuffed him. Accordingly, we cannot say the jury lost its way in finding defendant guilty of resisting arrest.
 {¶ 25} We reach the same conclusion with regard to the possession of drugs with a firearm specification conviction. Defendant was convicted under R.C. 2925.11, which provides in pertinent part that "no person shall knowingly obtain, possess, or use a controlled substance" and R.C.2941.141, which provides that the "offender had a firearm while committing the offense." Similar to the argument raised above, defendant asserts that the State's version of the events is so preposterous that no reasonable jury could have found the defendant guilty beyond a reasonable doubt.
 {¶ 26} At trial, Officer Neal and Officer Alcantara testified that at the time of arrest, defendant had a crack pipe containing cocaine residue in his hand. Another crack pipe containing cocaine residue was found on the defendant's night stand in his bedroom. A rock of crack cocaine was found on the kitchen counter, next to where the defendant was standing. A firearm was found in defendant's bedroom with ammunition ready at hand. Both officers testified that defendant was sweating profusely, had bulging eyes, and was drooling. Both officers testified that defendant appeared to be under the influence of drugs on the date of the arrest and that *Page 10 
defendant in fact admitted to smoking crack and PCP all day. Although defendant asserts that the drugs were not his, and that he never admitted to taking drugs that day, the jury determined that the State's witnesses were more credible.
 {¶ 27} Based on our review of the record, we conclude that the jury reasonably could have elected to believe that defendant was under the influence of drugs at the time of his arrest and that the drugs and weapon belonged to him. Accordingly, we cannot say that the jury lost its way in finding defendant guilty of possession of drugs with a firearm specification.
 {¶ 28} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE COLLEEN CONWAY COONEY, J., CONCURS
NN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] Tr. 122.
[2] Tr. 139.
[3] Tr. 122. *Page 1